IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:24CR-124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON T. LUNEKE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF TO GOVERNMENT'S TRIAL BRIEF CONCERNING ANTICIPATED DEFENSE ARGUMENTS AND GOVERNMENT'S RESPONSE

Defense counsel, as of 8:15 p.m. has not received the Government's Motion in Limine.

However, counsel wants to state our position concerning the trial brief to the Court promptly.

### Good Faith/No Intent to Defraud

Any foreclosure of the Good Faith defense invades the prerogative of the jury. The

proposed instruction itself states:

> The government has the burden of proving beyond a reasonable doubt that the defendant acted with the intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Evidence that the defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether or not the defendant acted with the intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations or promises.

Thus, "directing" individuals to "inflate" invoices or to receive kickback payments must

be weighed by the jury in their deliberation. It is the jury's job to determine whether Aaron

"acted with the intent to defraud," or "acted in good faith." The jury has to weigh all the

evidence together, both evidence showing intent to defraud and evidence showing good faith.

Case law notes:

> It is well-established that defendants are entitled to a theory of defense instruction if a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law. Similarly, this court has held that defendants are entitled to an instruction on good faith where one has been requested and evidence exists to support the theory. *United States v. Casperson*, 773 F.2d 216, 223 (8th Cir. 1985) (citing *United States v. McQuarry*, 726 F.2d 401, 402 (8th Cir. 1984); *United States v. Lewis*, 718 F.2d 883, 885 (8th Cir. 1983); *United States v. Sherer*, 653 F.2d 334, 337 (8th Cir. 1981)). *See also Willis v. United States*, 87 F.3d 1004, 1008 (8th Cir. 1996) (citing *Casperson*, 773 F.2d at 222–23) ("good faith constitutes a complete defense to a charge of fraudulent intent and that a defendant is entitled to a good faith instruction where one has been requested and finds support in the evidence."); and *United States v. Engelmann*, 720 F.3d 1005, 1011–12 (8th Cir. 2013) (citing *United States v. Whitehill*, 532 F.3d 746, 751 (8th Cir. 2008) ("Defendants are entitled to a theory of defense instruction if it is timely requested, is supported by the evidence, and is a correct statement of the law . . .").

Thus, to grant a motion in limine precluding arguments on good faith and lack of intent deprive Aaron of his entitlement to a defense which may find support in the evidence. It is a fundamental constitutional right that the defendant has the due process right to advance such a defense.  It is for the jury to determine whether the defense is applicable or not.

### Industry Practice/Everyone Does It

Our position is not that this is Industry Practice and everyone does it concerning inflating construction invoices, our position that the bank is motivated to minimize their mistakes and to blame Aaron Luneke for their substandard loan practices.  This is an issue of credibility.  The Government cites the case of *United States v. Brooks* 681 Fed.3rd 678, 709 (5th Cir. 2012). *Brooks'* only mention of how "industry custom cannot legalize conduct that violates a federal

2

criminal statute" comes from an explanatory parenthetical citing a different case. This is the entire paragraph dealing with the excluded testimony:

> First, the Defendants-Appellants argue that the district court erred by excluding evidence related to industry practice. Specifically, the Defendants-Appellants argue that they were prevented from proving their good faith defense because they were barred from presenting evidence showing that other energy companies were also submitting similarly false data to *Inside FERC* and *NGI*.
>
> HN52 We review evidentiary rulings for abuse of discretion, subject to harmless error analysis. *United States v. Isiwele*, 635 F.3d 196, 199 (5th Cir. 2011); *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999). This Court has previously held that it was not an abuse of discretion to exclude evidence offered on a very similar theory. *See United States v. Arledge*, 553 F.3d 881, 894 (5th Cir. 2008) (excluding evidence in fraud case showing that similarly situated third parties committed similar acts because it had little or no bearing on whether defendant acted with fraudulent intent). The industry practice evidence offered here has little or no bearing on whether the Defendants-Appellants acted with fraudulent intent. *See United States v. Kahn*, 711 F. Supp. 2d 9, 12 (D.D.C. 2010) (testimony about beliefs of third parties on validity of tax code irrelevant to determination of whether defendant acted in good faith). Indeed, this unrelated information posed a threat of confusing the jury and detracting from relevant information about the conduct of the actual parties. *See* Fed. R. Evid. 403 (stating "relevant evidence" may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury ..."). Thus, we hold that it was not an abuse of discretion to exclude this testimony.

The cited case, *Arledge*, notes "Evidence that a similarly-situated attorney had pursued what turned out to be false claims has no bearing on whether Arledge had either actual knowledge of the fraud or was deliberately indifferent to the fraud. That another attorney may also have been engaged in fraud or been deliberately indifferent to fraud would not eliminate Arledge's liability." *United States v. Arledge*, 553 F.3d 881, 894 (5th Cir. 2008). The *Arledge* case *Brooks* cites is about an attorney who attempted to introduce evidence another attorney receiving money from a settlement agreement related to a faulty drug. The difference here is, it's not about industry practice, it's about providing the jury with evidence challenging the credibility of Government witnesses and how they managed this loan.

**No Actual Loss to the Bank**

The Government, through the testimony of its own witness, introduced the fact that the Bank of the Valley suffered no loss with respect to this loan. Not a dime. It is improper for the Government to now contend that evidence they offered to the Jury should be somehow excluded. Additionally, the fact that the Bank of the Valley did not lose out on any money, means there was not an intent to defraud the bank. If there was intent to defraud, the bank would have lost money, but it didn't. Specifically, 18 U.S.C. § 1344(1) is the target for the fact the Bank of the Valley did not lose money. *See* 18 U.S.C. § 1344(1) ("Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution . . .").

**The Banks' Failure to Detect**

Defense has not argued anything concerning the Bank's failure to detect the fraud. We have simply challenged the Bank's process and the credibility of their witnesses concerning facts that are inextricably intertwined with the charged conduct. Our argument is related to the Bank's sloppiness and violation of the law, as testified to by the Government's first witness concerning "cure".

This also goes to the credibility of Government's witnesses with regard to bias, motive, and inconsistencies concerning how they managed this loan.

Furthermore, the defense does not plan on arguing that the Bank's failure to detect and that the Bank of the Valley should have caught the fraud in its theory of the defense.

Our argument is that there was no fraud committed by Mr. Luneke, but there are violations of Best Banking Practices, FDIC regulations and possibly legal statutes. Bank of the Valley is attempting to cover up all of these violations by attempting to blame Aaron Luneke. The Bank certainly has something to lose. Our understanding is that evidence will show that

4

Bank of the Valley was under a Memorandum of Understanding with the FDIC.  Our theory is that the Bank's interest lies in securing a conviction that would vindicate, absolve, or mitigate their culpability.

### Entitlement to the Funds

The Government's citation to *United States v. Hamilton*, 499 F.3d 734, 736 (7th Cir. 2007) is not on point. *Hamilton* is about a defendant's intention to replace the money they fraudulently gained through embezzlement. The major rule is:

> If you embezzle from your employer, you are not excused just because you had an honest intention of replacing the money, maybe with interest—just because you embezzled the money to gamble and were honestly convinced that you were on a lucky streak and would win enough to cover the defalcation comfortably.

The defense in this case is that the Defendant earned the money as a result of his work as a defacto general contractor, based on all of the hours he worked on the construction project. This is a case where the Defendant was immediately paid for the work he did by both Craig Foreman and Chris Langer.  That money was paid by check, and deposited into Mr. Luneke's bank account.  The evidence will show that he then reimbursed himself for out-of-pocket expenses that he paid.  He also reimbursed himself for money that was his; and that he had invested into the car wash; and reimbursement of money that family members loaned to him in order to help build the car wash.

### Criminal Penalties and Collateral Consequences

Defense counsel will not attempt to elicit the testimony concerning criminal penalties any collateral consequences.

Defense counsel respectfully requests the right to additionally respond to any Motion in Limine to be filed by the Government.

5

AARON T. LUNEKE, Defendant,


By:    *s/Stuart J. Dornan*
STUART J. DORNAN, #18553
KEITH W. DORNAN, #27570
Attorneys for Defendant
Dornan, Howard, Breitkreutz
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044 (phone)
(402) 884-7045 (fax)
stu@dltlawyers.com
keith@dltlawyers.com


## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Alejandro Abreu, Special Assistant United States Attorney
Sarah Hinrichs, Assistant United States Attorney

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

*s/Stuart J. Dornan*
STUART J. DORNAN, #18553
Attorney for Defendant

6