IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:24CR124 |
| vs. | | |
| AARON T. LUNEKE, | | GOVERNMENT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS |
| Defendant. | | |

The United States of America proposes the additional, attached Jury Instructions in the above-captioned case.

UNITED STATES OF AMERICA, Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:    s/ Alejandro Abreu
Alejandro Abreu, OH Bar #0089477
Special Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel: (213) 828-0023
E-mail:  alejandro.abreu@usdoj.gov

s/ Sarah A. Hinrichs
SARAH A. HINRICHS, #24335
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel:  (402) 661-3700
Fax:  (402) 661-3084
E-mail:  Sarah.Hinrichs@usdoj.gov

1

CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:  None.

s /Sarah A. Hinrichs
Assistant U.S. Attorney

INSTRUCTION NO. 22 [9.08]

One of the issues in this case is whether the defendant acted in good faith. Good faith is a complete defense to the crime of bank fraud if the defendant did not act with the intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises, which is an element of the charge. The essence of the good faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent.

Good faith includes, among other things, an opinion or belief that is honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant honestly held a certain opinion or belief (such as a belief that a business venture would ultimately succeed, that investors would make a profit, or that investors would not lose money), a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises, or otherwise acted with the intent to defraud or deceive another. Proof of fraudulent intent requires more than proof that a defendant only made a mistake in judgment or management, or was careless. *If the government proves beyond a reasonable doubt that the defendant knowingly made false or fraudulent representations or promises, good faith is not a defense to bank fraud.*

The government has the burden of proving beyond a reasonable doubt that the defendant acted with the intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Evidence that the defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether or not the defendant acted with the intent to defraud, or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. *The government has no burden to prove the defendant did not act in good faith or did not honestly hold a particular opinion or belief.*

3

INSTRUCTION NO. ___

You have heard evidence the defendant held a subjective belief he was entitled to monies he received as a result of inflated contractor invoices submitted to Bank of the Valley. Entitlement is not a defense negating fraudulent intent where funds are obtained through false pretenses. See *United States v. Mattera*, 2025 WL2841162 (citing *United States v. Blake*, 558 F. App'x 129, 130 (2d Cir. 2014)).